IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DON RISHELL AND PEGULA RISHELL, LLC, | ) ) ) | |
| Appellants, | ) ) | |
| vs. | ) ) | Case No. 3:16–CV-00511-NJR |
| ALVION PROPERTIES, INC., | ) ) | Bankruptcy Case No. 15-40462 |
| Appellee. | ) ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Debtor/Appellee Alvion Properties, Inc. ("Alvion") and Robert Eggmann ("Eggmann"), Disbursing Agent for Alvion, have each filed a Motion to Dismiss the Appeal in this matter (Docs. 2 and 6). For the reasons stated below, the motions to dismiss are granted in part.

## BACKGROUND

On May 14, 2015, Alvion filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois, Case No. 15-40462. On December 14, 2015, Don Rishell ("Rishell"), acting *pro se*, filed an informal proof of claim on behalf of himself and Pegula Rishell, LLC, to which Alvion objected on January 13, 2016. At a hearing on February 29, 2016, the Bankruptcy Court ordered Rishell and Pegula Rishell, LLC, to retain counsel by March 28, 2016, and to file a formal proof of claim by April 11, 2016. A written order to that effect was entered on March 2, 2016. Rishell and Pegula Rishell, LLC, failed to comply with the Bankruptcy Court's oral

and written orders. On May 5, 2016, the Bankruptcy Court sustained Alvion's objection to the informal proof of claim and denied the claim.

On May 9, 2016, Rishell and Pegula Rishell, LLC, appealed the Bankruptcy Court's order to this district court (Doc. 1). Alvion and Eggmann filed the instant motions to dismiss (Docs. 2 and 6), arguing that Pegula Rishell, LLC, filed a notice of appeal without representation by an attorney despite previous admonitions by the Bankruptcy Court. Furthermore, Rishell and Pegula Rishell, LLC, failed to file the designation of the record on appeal and statement of issues as required by Bankruptcy Rule 8009(a). Therefore, they argue, the appeal should be dismissed.

On June 28, 2016, the Court ordered Rishell and Pegula Rishell, LLC, to show cause why the Court should not dismiss this action with prejudice pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and/or Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to comply with a court rule (Doc. 7). Subsequent to the Court's Order to Show Cause, and after the Court granted an extension of time, Rishell and Pegula Rishell, LLC, timely filed a designation of the items to be included in the record on appeal and a statement of issues to be presented (Doc. 18). However, Pegula Rishell, LLC, still did not obtain counsel.

## ANALYSIS

The Seventh Circuit clearly prohibits limited liability companies and corporations from appearing *pro se* in federal court. *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008). "The right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business,

carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Id.* at 581. "Pro se litigation is a burden on the judiciary and the burden is not to be borne when the litigant has chosen to do business in entity form. *Id.* at 582. The requirement that an LLC appear through a licensed attorney is reflected in this district court's local rules, which permit a business entity, other than a sole proprietorship, to:

> appear and act without counsel in a case or proceeding before this Court only for the purpose of attending the 341 meeting, filing a request for notice and service of documents, filing a change of address, filing a proof of claim, and submitting a ballot. For all other purposes, **such entity shall appear and act only through an attorney**.

Local Bankruptcy Rule 9010(b), as promulgated by this Court pursuant to Local Rule Br9029.1 (emphasis added).

Appealing the Bankruptcy Court's order is not one of the actions a business entity is permitted to take without the representation of a licensed attorney. Pegula Rishell, LLC, has been warned on numerous occasions to obtain counsel, yet it has failed to do so. Furthermore, while Rishell can appear *pro se*, he cannot represent the interests of the LLC in federal court. *See Hagerman*, 545 F.3d at 581-82; *Lattanzio v. Comm'n On Massage Therapy Accreditation*, 481 F.3d 137, 139-40 (2d Cir. 2007) (per curiam) (LLC may appear in federal court only through licensed counsel); *In re Heyl*, 770 F.3d 729, 730 (8th Cir. 2014) (member or manager of LLC lacks standing to appeal the bankruptcy court's adverse ruling with regard to claim belonging to LLC); *Sears v. U.S. Tr.*, 734 F.3d 810, 819 (8th Cir. 2013) (sole shareholders of closely held S corporation lacked standing to pursue

bankruptcy appeal on behalf of corporation, as their interest in litigation was merely derivative of corporation's interest).

## CONCLUSION

For these reasons, the motions to dismiss (Docs. 2 and 6) are **GRANTED in part and DENIED in** part. Pegula Rishell, LLC, is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Because Don Rishell is permitted to appear *pro se*, his appeal of the Bankruptcy Court's denial of his informal proof of claim may go forward. In briefing the issues on appeal, however, the Court **ORDERS** the parties to address whether the claim at issue belongs to Don Rishell or to Pegula Rishell, LLC, and, accordingly, whether Don Rishell has standing to bring the claim on his own behalf.

It is **FURTHER ORDERED** that, pursuant to Bankruptcy Rule 8009(b)(1) and (4), Don Rishell shall order in writing from the court reporter a transcript of such parts of the proceedings not already on file as he considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk by **October 19, 2016**. At the time of ordering, Don Rishell must make satisfactory arrangements with the reporter for paying the cost of the transcript.

It is **FURTHER ORDERED** that, pursuant to Bankruptcy Rule 8009(a)(2), Alvion Properties, Inc., may file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record by **October 19, 2016**.

It is **FURTHER ORDERED** that Don Rishell shall file his appellant's brief, in compliance with Bankruptcy Rules 8014, 8015, and 8018(b), by **November 18, 2016.**

Alvion Properties, Inc., shall file its appellee's brief by **December 19, 2016**. A reply brief, if any, may be filed by Don Rishell by **January 2, 2017**.

    **IT IS SO ORDERED.**

    DATED:   October 5, 2016

                                                            **NANCY J. ROSENSTENGEL**
                                                            **United States District Judge**